IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| GLORIA A. LARSON and husband STEVEN A. LARSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:08-CV-86 |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendant's Motion for Summary Judgment" [doc. 9]. Plaintiff has filed a response in opposition to the motion [doc. 11]. Defendant has submitted a reply [doc. 13]. The court has determined that oral argument is unnecessary, and the motion is ripe for the court's consideration.

The court will also consider "Defendant's Motion to Strike Plaintiffs' 'Response to Defendant's Reply to Plaintiffs' Response to Motions for Summary Judgment of Defendant'" [doc. 15] that is currently pending.

## I.

### *Background*

Plaintiffs allege that on February 18, 2007, they were shopping in the Wal-Mart store in Oak Ridge, Tennessee when plaintiff, Gloria Larson, slipped on spilled furniture polish. Gloria Larson alleges that she sustained physical injuries that include vertigo and headaches. Plaintiff Steven A. Larson, Gloria Larson's husband, claims that as a result of his wife's injuries, he has been deprived of her consortium.

## II.

### *Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-

moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Defendant's Motion to Strike*

Before proceeding with its analysis of the summary judgment motion, the court must first consider the motion to strike filed by defendant [doc. 15]. In that motion, defendant seeks to strike plaintiffs' "Response to Defendant's Reply to Plaintiffs' Response to Motion for Summary Judgment of Defendant" [doc. 14]. Attached to plaintiffs' response

3

at issue is the affidavit of Dr. Daniel Lenior in which Dr. Lenior authenticates the medical records included with plaintiffs' original response to defendant's summary judgment motion. In the affidavit Dr. Lenior also opines regarding causation of Gloria Larson's injuries and states "within a reasonable degree of medical certainty" that the plaintiff, Gloria Larson, will remain symptomatic for many years and perhaps the remainder of her life.

Defendant argues that the affidavit should have been filed with plaintiffs' original response because the medical records included in the response were only accompanied by a hearsay letter from Dr. Lenior in which he did not express his opinion regarding causation within a reasonable degree of medical certainty. Defendant also contends that plaintiffs' additional response with the affidavit was improperly filed without permission under the court's local rules and on that basis should be stricken.

Though not referenced in defendant's motion, motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides that a court "may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. 12(f) (emphasis added). Rule 7(a) defines a "pleading" as:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). "An affidavit is not a pleading that is subject to a motion to strike under Rule 12(f)." *Scott v. The Dress Barn, Inc.*, No. 04-1298-T/AN, 2006 WL 870684, at *1 (W.D. Tenn. Mar. 31, 2006) (citations omitted). In addition, "[e]xhibits attached to dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006); *see also Rouse v. Caruso*, No. 06-CV-10961-DT, 2007 WL 209920, at *2 (E.D. Mich. Jan. 24, 2007) ("neither . . . motions nor responses to motions constitute 'pleadings' subject to Rule 12(f).") (citations omitted). While it is inappropriate to strike affidavits and exhibits from the record, the court may disregard such filings if they are inadmissible for some reason. *See Lombard v. MCI Telecomms. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) ("[A] court should '*disregard*' inadmissible evidence, not strike that evidence from the record.") (emphasis in original, citations omitted).

Accordingly, the court will deny defendant's motion to strike and determine whether or not the affidavit of Dr. Lenior should be considered. Defendant argues that affidavit could have and should have been presented with plaintiffs' initial response, and it should also be excluded because it is not a new development in the case that occurred after the response was filed.

Defendant does not contend that the affidavit is inadmissible because it contains incompetent or irrelevant material or is otherwise substantively infirm. While the court agrees that plaintiffs did not completely follow the correct procedure in placing this

5

affidavit in the record, there is now before the court an affidavit that authenticates the medical records in plaintiff's initial summary judgment response and that refers to causation in terms of medical certainty. The court does not want the merits of plaintiffs' case disregarded because they failed to completely follow the local rules, an error which hopefully will not be repeated. Therefore, the court will consider the affidavit of Dr. Lenoir when evaluating the pending motion for summary judgment.

IV.

*Analysis*

Defendant argues that it is entitled to summary judgment because there is no expert medical proof on the issue of causation. Defendant further contends that plaintiffs did not meet the deadline set in their discovery plan for providing expert medical reports, so there is no proof at all, let alone within a reasonable degree of medical certainty, that Gloria Larson's injuries were caused by defendant. Also, because Steven Larson's claims are derivative, his claims must also be dismissed.

In their response to the summary judgment motion, plaintiffs stated that they agreed with the facts as presented by defendant but noted that the agreed discovery plan was overly ambitious in that it took longer than anticipated for plaintiff Gloria Larson to secure the information needed from her physician. Attached to the response was a letter from Dr. Lenoir and certain medical records that addressed her injuries and treatment.

6

In its reply brief, defendant argued that the letter was hearsay, the medical records were not authenticated, and causation was not established within a reasonable degree of medical certainty as required by Tennessee law. At that point, plaintiffs filed the response that included the affidavit of Dr. Lenoir that was the subject of the motion to strike. Dr. Lenoir's affidavit states in pertinent part:

> 3. According to my records, Ms. Larson slipped on spilled furniture polish at Wal-Mart in Oak Ridge, Tennessee on February 18, 2007. In my opinion, within a reasonable degree of medical certainty, this incident seriously aggravated certain stabilized, pre-existing conditions. She experienced headaches and vertigo as a result her accident, and she continues to experience these problems. Most people who have these type injuries will recover within 18 months to two (2) years. She continues to be symptomatic at this time, and I anticipate, within a reasonable degree of medical certainty, that she will remain symptomatic for many years and possibly the remainder of her life.
>
> 4. I am attaching to this Affidavit copies of Gloria Larson's medical records which I have reviewed and which includes records prepared by me or at my direction and accurately reflect my treatment of Ms. Larson.

The court finds that this affidavit testimony is sufficient to raise a material issue of fact and require denial of defendant's motion for summary judgment.

Accordingly, for the reasons stated herein, defendant's motion to strike and motion for summary judgment will both be denied. An order consistent with this opinion will be entered.

7

ENTER:

    s/ Leon Jordan
  United States District Judge